IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     MICHAEL SHAWN STEWART, and
2.     BRYANT EDWIN SEWALL

        Defendants.

**JOINT UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE OF 180 DAYS, AND TO VACATE ALL DEADLINES, HEARINGS AND TRIAL DATE**

Michael Stewart and Bryant Sewall, through undersigned counsel, respectfully move for: (1) an ends of justice continuance of 180 days from September 22, 2021 (the date to which time is currently excluded) to March 21, 2021; and (2) for the Court to vacate and reset all deadlines, hearings and trial dates currently set. Undersigned counsel has conferred with AUSA Pegeen Rhyne who has indicated that she does not oppose this motion.

**Procedural Background**

1.     An Indictment was filed in this case on February 4, 2021 charging Mr. Stewart and Mr. Sewall with 14 counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. (Doc. 1). According to the indictment, Mr. Stewart and Mr. Sewall participated in a scheme to

1

defraud investors by soliciting and obtaining money "for the purpose of investing in algorithm-based trading in foreign currency exchange markets (FOREX)." The scheme is alleged to have operated between 2016 and 2019.  Per the indictment, Mr. Stewart and Mr. Sewall utilized a number of businesses they owned and operated to solicit funds and act as investment advisors.  All of the businesses Mr. Stewart and Mr. Sewall are alleged to have owned and operated are located outside of the United States, as are the bank accounts utilized by the businesses.

2. Mr. Stewart made his initial appearance before the Court on February 12, 2021. (Doc. 7).  Mr. Sewall appeared on March 3, 2021.  (Doc. 19).

3. On March 23, 2021, the defendants moved for an ends of justice continuance of 180 days.  (Docs. 34 and 35).

4. On March 26, 2021, the Court granted the motions and excluded 180 days to September 22, 2021.  (Doc. 36).

5. A 7-day jury trial is currently scheduled to commence on October 25, 2021, and pretrial motions are due by September 27, 2021.  (Doc. 38).

6. The Defendants are respectfully requesting that the Court exclude an additional 180 days beginning on September 22, 2021, to the date of March 21, 2022.

### Factual Basis for Request for Continuance

7. To date, undersigned counsel has received at least 63,266 records in discovery consisting of over 293,000 pages, including over 26,970 pages of FBI investigative materials.  The index itself is over 900 pages.  The initial massive production on February 22, 2021 did not include native files (only slip sheets for the

native files).  This inadvertent omission was corrected by the government in late May, 2021, when the native files were provided to counsel, but there was no way to add them to the existing database.  It was ultimately determined that a completely new production database should be provided that included links to the native files.   That new drive was received by counsel in early June, 2021.  The government has also continued to receive and produce new discovery.  As late as July 6, 2021, an additional nearly 2000 pages of discovery was provided to counsel.

8. In order to provide the effective assistance of counsel, undersigned counsel needs additional time to, among other things: (1) review the discovery in this case; (2) conduct investigation and witness interviews in this case; and (3) determine what, if any experts may be required to defend this case.

## Applicable Law

9. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  The factors to be considered in such an evaluation are listed at 18 U.S.C. §3161(h)(7)(B)(i)-(iv).

10. Pertinent factors that apply to an ends of justice finding in this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

3

preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

*State v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009).

11.     The decision to grant an ends of justice continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard.  *Toombs*, 574 F.3d 1262 (10th Cir. 2009).  "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act."  *United States v. Gonzales*, 137 F.3d 1431, 1435 (10th Cir. 1998).  However, "such a reason must be supported by the information and evidence presented to the district court."  *United States v. Medrano*, No. 08-1273 (10th Cir. 12/07/2009) (citing *Gonzales,* supra).

12.     In this regard, the Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility,'" *Bloate v. United States* 130 S.Ct. 1345 (2010).

13.     The Defendants are requesting that the Court find that due to both the nature of the prosecution and the existence of novel questions of fact or law, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the standard Speedy Trial deadlines.

14.     The nature of the prosecution makes is unreasonable to expect the Defendants to be prepared under the standard Speedy Trial deadlines for a number of reasons.  The prosecution involves a conspiracy that is alleged to have been committed

over the course of three years in large part overseas.  Within the approximately 26,000 pages of FBI investigative materials contained in discovery, there are over 60 readily identifiable prosecution witnesses.  Because many of the potential witnesses are located overseas, as are many of the records that the Defendants may seek to obtain and use in their defense, it is likely that there will need to be coordination with foreign attorneys and investigators to locate witnesses and documents overseas – all of which will require significantly more time than an average prosecution.  Additionally, since the scheme involves algorithm-based trading on FOREX markets, there are also novel issues of both law (such as questions of jurisdiction) and fact (such as how both the trading formula specifically and the FOREX markets generally work).

15.    In addition to a finding of complexity, the Defendants are also requesting the Court find that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice." 18 U.S.C. §3161(h)(7)(B)(i).  For the same reasons that this case should be declared complex, it would also be a miscarriage of justice for the Defendants to be expected to comply with the standard Speedy Trial deadlines.

## Conclusion

Undersigned counsel respectfully requests that the Court enter an Order finding that the ends of justice would be served by removing this case from the time limits dictated by 18 U.S.C. §3161, and excluding an additional 180 days from the Speedy Trial Act from September 22. 2021 to March 21, 2022.   Undersigned counsel further requests the Order vacate and reset all deadlines, hearings and trial dates currently set.

5

Respectfully submitted this 23rd day of July, 2021.

| | |
|---|---|
| *s/ Kenneth M. Harmon* | *s/ Michael J. LaVelle* |
| Kenneth M. Harmon | Michael J. LaVelle |
| Springer & Steinberg, P.C. | LaVelle & LaVelle |
| 1600 Broadway, Suite 1200 | 2728 N. 24th Street, Ste. A |
| Denver, CO 80202 | Phoenix, AZ 85008 |
| Telephone : (303) 861-2800 | Telephone: (620) 279-2100 |
| Email : kharmon@springersteinberg.com | Fax: (602) 279-2114 |
| | Email: mjl@lavelle-lavelle.com |

*Attorney for Bryant Sewall*

*s/ Marci G. LaBranche*
Marci G. LaBranche
Stimson Stancil LaBranche Hubbard, LLC
1652 Downing Street
Denver, Colorado  80218
Tel/Fax:  (720) 689-8909
Email: labranche@sslhlaw.com

*Attorneys for Michael Stewart*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/ Nancy Hickam*

6