IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM-1

UNITED STATES OF AMERICA,
       Plaintiff,

v.

1. **MICHAEL SHAWN STEWART**, and
2. BRYANT EDWIN SEWALL
       Defendant(s).

---

**MOTION TO WITHDRAW AS COUNSEL OF RECORD
FOR MICHAEL SHAWN STEWART**

---

Michael J. LaVelle of LaVelle & LaVelle, PLC and Marci G. LaBranche of Stimson Stancil LaBranche Hubbard, LLC hereby move this Court for an Order relieving them from further representation of Mr. Stewart.

### Conferral with the Client

Mr. LaVelle communicated with Mr. Stewart about this Motion and the reasons for the request to withdraw. Mr. Stewart does not object to the withdrawal of undersigned counsel. This motion for withdrawal is being filed as soon as practicable upon counsel's becoming aware of its grounds.

### Applicable Law

Pursuant to D.C.COLO.L.Atty.R. 5(b), an attorney who has filed an entry of appearance may seek to withdraw on motion showing good cause. The Tenth Circuit has held that counsel may be permitted to substitute or withdraw upon a showing of

1

"good cause, such as conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

Under the Colorado Rules of Professional Conduct, an attorney may withdraw from representing a client if: (1) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" *See* Colo. R. Prof. Cond. 1.16(b)(5); (2) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client" *Id.* at 1.16(b)(6); (3) "withdrawal can be accomplished without material adverse effect on the interests of the client"; *Id.* at 1.16(b)(1); or (4) "other good cause for withdrawal exists." *Id.* at 1.16(b)(7).

Here, undersigned counsel should be permitted to withdraw as they can demonstrate grounds for withdrawal under all four of these bases. While Rules 1.6 and 1.16 prohibit counsel from revealing further facts that support the termination of representation, counsel informs the Court that this motion is not being filed due to mere strategic disagreement between themselves and Mr. Stewart. *See e.g., United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987); *United States v. Lott*, 310 F.3d 1241, 1249 (10th Cir. 2002). Rather, there has been a breakdown of communication, Mr. Stewart has failed to fulfill certain obligations to undersigned counsel and the representation has been rendered unreasonably difficult by Mr. Stewart.

Further, withdrawal can be accomplished without material adverse effect to Mr. Stewart as this case is still in its early stages. Motions have not yet been filed and trial is

2

not set to commence for more than four months - even that trial date is unlikely to stand as it is less than one month after pretrial motions are due.  Thus, Mr. Stewart will not be prejudiced by allowing counsel to withdraw.

This matter has been discussed with the AUSA, Pegeen D. Rhyne, who advises that the government does not take a position on this motion.  A copy of this motion has also been provided to Defendant Michael Stewart.

### Notice and Advisement to Mr. Stewart

1. You are hereby notified and warned that you are responsible for complying with all Court orders and time limitations established by any applicable statues and rules.

2. The Court retains jurisdiction over this case and over you.

3. Any dates of any proceedings will not be affected by the withdrawal of the undersigned.  You must comply with the following:

     a. All pretrial motions shall be filed no later than March 14, 2022.

     b. Responses to these motions shall be filed no later than March 24, 2022.

     c. If the part believes an evidentiary hearing on a pretrial motion is necessary, a written request for the same must be made no later than the pretrial motion deadline.

     d. Expert witness disclosure pursuant to Fed. R. Crim. P. 16 shall be made not later than 14 days prior to the Final Trial Preparation Conference.

     e. Any challenges to expert witnesses shall be made not later than 7 days prior to the Final Trial Preparation Conference;

      f.   Disclosures regarding rebuttal witnesses shall not be made later than 7 days prior to the Final Trial Preparation Conference;

      g.   Any challenged to rebuttal experts shall be made not later than the day prior to the Final Trial Preparation Conference.

      h.   Any Notice of Disposition shall be filed not later than 14 days before the trial date;

      i.   A Final Trial Preparation Conference is set for April 4, 2022 at 3:30 p.m in person in Courtroom A801.

      j.   A 7-day jury trial is set to commence in person in Courtroom A801 on Monday April 11, 2022 and will conclude on Wednesday, April 20, 2022.

Dated: January 4, 2022

                                             Respectfully submitted,

                                             *s/ Marci G. LaBranche*
Marci G. LaBranche
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone:  720.689.8909
Email:  labranche@sslhlaw.com

*s/ Michael J. LaVelle*
Michael J. LaVelle
LAVELLE & LAVELLE, PLC
2415 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
Phone:  602.279.2100
Email:  mjl@lavelle-lavelle.com

*Attorneys for Michael Shawn Stewart*

4

**Certificate of Service**

   I hereby certify that on this 4th day of January, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

   I also certify that I sent a copy by U.S. Mail to:

Michael Stewart
8082 E. Arroyo Hondo Road
Scottsdale, AZ  85266

                *s/ Nancy Hickam*

                Nancy Hickam, Paralegal