IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **MICHAEL SHAWN STEWART**, and
2.     **BRYANT EDWIN SEWALL**
        Defendant(s).

---

**UNOPPOSED JOINT MOTION FOR 180-DAY ENDS OF JUSTICE EXCLUSION OF TIME AND EXTENSION OF RELEVANT DEADLINES**

---

The defendants, Michael Shawn Stewart ("Mr. Stewart") and Bryant Edwin Sewall (Mr. Sewall), by and through the undersigned counsel, Jordan R. Deckenbach and Kenneth M. Harmon, hereby move this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 180-day ends of justice exclusion of time and continuance, including a corresponding extension of relevant deadlines, including the pretrial motions deadline. As grounds, they state as follows:

    1.     On February 4, 2021, an Indictment was filed in this case. Doc. 1. Mr. Stewart made his initial appearance in this case on February 12, 2021. Doc. 7. On February 12, 2021, Ms. Marci LaBranche entered her appearance for Mr. Stewart. Doc. 6. On February 16, 2021, Mr. Michael LaVelle entered his appearance on behalf of Mr. Stewart. Doc. 11. On March 3, 2021, Mr. Sewall made his initial appearance in this case. Doc. 19. Undersigned counsel for Mr. Sewall entered his appearance on March 11, 2021. Doc. 24.

2. On January 4, 2022, Mr. LaVelle and Ms. LaBranche filed a motion to withdraw as attorneys for Mr. Stewart. Doc. 53. At a January 11, 2022 hearing, the Court granted their motion to withdraw as attorney. Doc. 57. At that same hearing, the Court determined Mr. Stewart was eligible for a court appointed attorney. Doc. 57 and 58. On January 13, 2022, the undersigned counsel for Mr. Stewart entered his appearance.

3. Undersigned counsel for Mr. Stewart has yet to receive discovery from the government. Mr. Stewart's former counsel has also not yet disclosed relevant work product and evidence in his possession. Both the government and Mr. Stewart's former defense team are actively working to collect and disclose the voluminous discovery and evidence in this case. The expectation is that this information will be delivered to the Mr. Stewart's new counsel in the coming weeks. Once this discovery is received, Mr. Stewart's new defense team will need to digest it and conduct investigation separately and/or in conjunction with Mr. Sewall and his counsel. Mr. Stewart's new defense team may also need to retain and consult with experts as part of the investigation. These decisions will, in turn, likely impact upon the trial preparations of Mr. Sewall and his defense and, depending upon these decisions, affect their trial-readiness as well.[1]

4. Pretrial motions are currently due March 14, 2022; a trial preparation conference is set for April 4, 2022, and trial is set to begin April 20, 2022. Doc. 44.

---

[1] As the Court is aware, Mr. Stewart and his former defense team entered into a joint defense agreement with Mr. Sewall and his counsel. Both defense teams have, to date, been sharing resources and information as part of a contemplated joint defense. In the event that that joint arrangement were to cease or be altered in a material way, however, Mr. Stewart and his counsel would need more time to recruit and engage their own set of consultants and potential experts.

5.      For Mr. Stewart's new counsel to effectively represent Mr. Stewart's and coordinate a defense with Mr. Sewall, the undersigned counsel believe it is necessary to continue the currently set dates in this case. Because Mr. Sewall's trial preparations have been conducted in conjunction and in coordination with those of Mr. Stewart to date, Mr. Sewall's undersigned counsel believes that his effective representation of Mr. Sewall requires a continuance as well.

6.      Specifically, Mr. Stewart and Mr. Sewall request a 180-day exclusion of time from the Speedy Trial Act and a corresponding extension of the relevant dates, including an extension of the pretrial motions deadline.  Specifically, Mr. Stewart and Mr. Sewall request the trial currently set for April 20, 2022 be continued 180-days to on or about October 17, 2022.

7.      The undersigned counsel have conferred with Assistant United States Attorney Pegeen Rhyne and Anna Edgar, who expressed they have no objection to the instant motion.

8.      The facts of this case, the lack of evidence/discovery provided to date, legal research, the need for new counsel to meet and confer with Mr. Stewart, and the parties' ongoing conferral in this case require additional time.

9.      The undersigned counsel need additional time to research legal issues relevant in this case.  Counsel have identified possible legal and factual issues that need to be pursued.  However, additional time is needed to ensure complete factual investigation and legal research prior to the filing of any pretrial motions.  Further, factual investigation is more complicated by the fact that the allegations are related to conduct that occurred over a period of four years.

10. The new undersigned counsel has conferred with Mr. Stewart via telephone. Nevertheless, additional time is needed for the new counsel to meet with Mr. Stewart in person to review this case, his options, and discuss how to proceed once discovery is disclosed.

11. Finally, the undersigned counsel need time to confer on this case among themselves and with government counsel. That conferral can only begin in earnest once Mr. Stewart's new counsel has had an opportunity to review discovery and meet with Mr. Stewart. Both undersigned counsel and government counsel believe additional conferral is both necessary and appropriate before deciding how this case will progress.

12. In light of the above, counsel believes 180 days should be excluded from the computation of the Speedy Trial Act clock. Newly appointed counsel for Mr. Stewart does not believe he will be able to effectively represent Mr. Stewart under the currently set deadlines and dates. Undersigned counsel for Mr. Sewall shares this same assessment as pertains to the defense of his client.

13. Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

a. Whether the failure to grant the continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Given the circumstances set forth in paragraphs 7 through 11 *supra*, Mr. Stewart and Mr. Sewall believe that would be the case here.

b. This Court may also consider the complex nature of the case. The financial instruments and transactions at issue are voluminous and complex. It would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial

itself could occur within the current time limits. 18 U.S.C. § 3161(h)(7)(B)(ii). The defense believes again, this is the case as new counsel has not yet received discovery.

14. In support of this motion Mr. Stewart and Mr. Sewall addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the Tenth Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the *West* factors Mr. Stewart and Mr. Sewall state as follows:

a. Counsel has exercised diligence. The discovery is voluminous. New counsel has not been able to review discovery. New counsel has spoken and conferred with Mr. Stewart via telephone. Counsel has identified several potential issues that require legal and factual research and investigation. New counsel has not begun to complete those tasks as new counsel is still awaiting initial discovery. These tasks will be ongoing and additional time is needed to complete such tasks. Simply stated, despite the diligent efforts that have already gone into Mr. Stewart and Mr. Sewall's case, additional time will be required to effectively represent them in these proceedings,

5

including the filing of pretrial motions; at trial, if trial is necessary; or to help them knowingly and intelligently decide to enter into a plea agreement.

b.   If this continuance is granted, counsel will have additional time to complete the stated tasks. The continuance, if granted, would accomplish the purpose underlying Mr. Stewart and Mr. Sewall's need for the continuance.

c.   The government does not object to the defense request of a continuance of the trial and there is no information suggesting that any government witnesses would be inconvenienced. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance.

d.   The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. New counsel and his office must be allowed to review the discovery, conduct legal research and factual investigation, confer with Mr. Stewart, confer with Mr. Sewall's counsel, and confer with the government. Without the exclusion of a period of time from the speedy trial calculations, Mr. Stewart and Mr. Sewall's right to be adequately and effectively represented in these proceedings will be seriously jeopardized.

15.   The undersigned counsel believe that the ends of justice are best served by the granting of such continuance and such interest outweighs the best interest of the public, and Mr. Stewart's and Mr. Sewall's, in a speedy trial.

WHEREFORE, Mr. Stewart and Mr. Sewall request that A) this unopposed motion be granted, B) the Court enter an order extending the pretrial motions deadline, and C) the court enter an order excluding 180 days in the computation of time within

which the trial in this case must commence under the Speedy Trial Act, 18 U.S.C. § 3161, et al.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender

    s/ Jordan R. Deckenbach
    JORDAN R. DECKENBACH
    Assistant Federal Public Defender
    111 South Wolcott Street
    Casper, WY 82601
    Telephone:  (307) 772-2781
    Jordan_Deckenbach@fd.org
    Attorney for Mr. Michael Stewart

    s/ Kenneth M. Harmon
    KENNETH M. HARMON
    Springer & Steinberg, P.C.
    1600 Broadway, Suite 1200
    Denver, CO 80202-4920
    Telephone: 303-861-2800
    kharmon@springersteinberg.com
    Attorney for Mr. Bryant Sewall

CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I filed the foregoing ***Unopposed Motion For 180-Day Ends Of Justice Exclusion Of Time And Extension Of Relevant Deadlines*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Pegeen D. Rhyne, Assistant United States Attorney
E-mail:  pegeen.rhyne@usdoj.gov

Anna K. Edgar, Assistant United States Attorney
E-mail: anna.edgar@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Michael Shawn Stewart (via U.S. mail)

Bryant Edwin Sewall (via U.S. mail)

      s/ Jordan R. Deckenbach
      JORDAN R. DECKENBACH
      Assistant Federal Public Defender
      111 South Wolcott Street
      Casper, WY 82601
      Telephone: (307) 772-2781
      Jordan_Deckenbach@fd.org
      Attorney for Mr. Michael Stewart


      s/ Kenneth M. Harmon
      KENNETH M. HARMON
      Springer & Steinberg, P.C.
      1600 Broadway, Suite 1200
      Denver, CO 80202-4920
      Telephone: 303-861-2800
      kharmon@springersteinberg.com
      Attorney for Mr. Bryant Sewall