IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **MICHAEL SHAWN STEWART**, and
2.    **BRYANT EDWIN SEWALL**,

      Defendants.

_____

GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO
ADVANCE PRETRIAL MOTIONS DEADLINE
AND PRESERVE TRIAL DATE [DOC. # 74]
_____

The United States of America files the Government's Reply in Support of its

Motion to Advance Pretrial Motions Deadline and Preserve Trial Date.   [Doc. # 74].

The defendants' reasons for opposing the instant motion center on the volume of the

discovery in this case and certain perceptions regarding resources, both of which have

been evident to the defense since the beginning of each counsel's representation in this

case.   Because the defendants raise nothing that they could not, or have not, prepared

for with the diligence required of experienced defense counsel, the interests of justice

and efficient administration of the case support the government's motion.   Additionally,

in their responses to the government's motion, defendants Stewart and Sewall overstate

the degree of ongoing discovery by conflating it with pretrial notices required by the

1

Federal Rules of Evidence.

First, as with all criminal cases, it is true that discovery is ongoing in this matter. On September 26, 2022, *i.e.* five months prior to trial, the government produced approximately 3,365 pages of discovery with a very useable index.   This was a very manageable volume of discovery for defendants to evaluate both for trial and for the proposed December 14, 2022, pretrial motions deadline.   As the government meets with witnesses in preparation for trial, it will continue to produce in discovery the reports about such meetings and any new documents provided by those witnesses.   Such ongoing discovery is both expected and required.

But on October 4, 2022, the government did not produce discovery as the defendants claim.   Instead, the government provided pretrial notice about summary charts that it intends to use under Federal Rule of Evidence 1006 to establish the defendants' FOREX trade results.   In that notice, the government identified by bates number the specific records that are summarized in the charts.   All of those summarized records had been previously produced in discovery.   Likewise, on October 13, 2022,[1] the government provided financial and bank summary charts that it intends to use under Rule 1006 to demonstrate the flow of investor money in this case and the amount of "Assets Under Management" that existed.   Again, the government's pretrial

---

[1] It is unclear to the government why defendant Stewart stated in his response that the government had "not indicated when it will produce these [financial] summary charts to the defense."   [Doc. # 76 at 1].   On October 4, 2022, the government told the defense that it expected to provide the bank summary charts the following week.

notice identified by bates number the specific records summarized in the charts, and all of those records had been previously produced in discovery.   Providing these pretrial notices more than four months in advance of trial is more than "reasonable" as required by Rule 1006.   The defendants' attempt to recast these early and very reasonable pretrial notices as late-stage discovery in order to bolster their oppositions to the government's motion is inaccurate and unfair.

Additionally, Mr. Sewall's claim that his attorney has not had adequate resources throughout his representation to manage the discovery in this case is unsupported.   Mr. Sewall's counsel, Mr. Harmon, has been working on this case for more than two years. In early August 2020, Mr. Harmon informed the government that he was representing Mr. Sewall in this matter and wanted to begin discussions about the case to determine whether a pre-indictment resolution was possible.   Based on those early discussions, Mr. Harmon had a solid understanding of the scope and nature of this case even before he officially entered an appearance on behalf of Mr. Sewall on March 11, 2021.   [Doc. # 24].   Additionally, until a few years ago, Mr. Harmon was an Assistant United States Attorney in the District of Colorado, assigned to the Economic Crimes Section.   Having worked in that capacity for decades, Mr. Harmon frequently handled cases that focused on complex economic crimes, including cases involving securities fraud with parallel investigations being handled by the SEC.   When Mr. Harmon agreed to take on the representation of Mr. Sewall, Mr. Harmon well knew the type and volume of discovery that is routinely generated by such cases.   Mr. Harmon was also acutely familiar with

the manner in which the government produces discovery and the fact that discovery in such cases is ongoing, because the government receives additional materials as the case progresses.   Mr. Harmon's claim that he could be better equipped to manage the discovery in this case is surprising because: (1) the scope and volume was predictable given the nature of the case; (2) Mr. Harmon has specific experience in this practice area; and (3) Mr. Harmon is not a sole practitioner but in fact works at the long-established and reputable law firm of Springer and Steinberg.   Any concerns about Mr. Harmon's ability to manage the discovery in this case should have been identified and addressed long ago.

Moreover, the government believes Mr. Sewall has adequate resources to manage discovery and has used these resources to date.   To avoid concerns regarding document access and review, the government provides discovery through a document management platform called Eclipse, which allows the defense to view, organize, and tag documents.   In response to a specific request by Mr. Harmon, on December 14, 2021, the government reproduced to Mr. Harmon on a single hard drive all of the discovery provided in this case as of that date in the Eclipse document management platform.   This December 14, 2021, production included the *vast majority of the discovery in this case.*

With respect to Mr. Stewart,[2]  discovery was produced to the Federal Public

---

[2]  Discovery had also been previously produced to Mr. Stewart's first set of privately retained counsel.

Defenders' Office in the format that it specifically requested after Mr. Deckenbach entered his appearance on January 13, 2022.   [Doc. # 59].

Since then, three additional discovery productions have been made in pdf format and with useable indexes on the following dates: March 31, 2022 (approximately 1624 pages); June 10, 2022 (approximately 11,371 pages);[3] and September 26, 2022 (approximately 3,365 pages).   And while the June 10, 2022, production was voluminous, 10,479 pages of that production were "master account" statements that Mr. Sewall specifically requested and that the government obtained from a third party as a courtesy to him.   They are not documents that the government intends to use in its case-in-chief.   And the defendants already relied on this production as one of the bases for their latest Ends of Justice motion.   [Doc. # 65 at 2, ¶5].

While voluminous, the discovery in this case has been produced in a manner that is reasonable and manageable for the defendants' review and use.   Both counsel have had adequate time to prepare for the proposed December 14, 2022, motions deadline and the February 27, 2023, trial date.

Neither defendant has advanced a logical or cogent argument about why they cannot meet the recommended December 14, 2022, pretrial motions deadline while still expecting to be prepared for the February 23, 2023, trial date.   If their opposition to the government's motion is actually an attack on the trial date itself, the Court should deny

---

[3]  The defendants already used the March and June 2022 discovery productions as part of the basis for their EOJ motion filed on June 29, 2022.   [Doc. # 65 at 2, ¶5].

any additional request to continue this trial.   As currently scheduled, the trial will commence more than two years after the indictment was returned on February 4, 2021. [Doc. # 1].   The Court already granted the defense four Ends of Justice (EOJ) continuances.   [*See* Doc. #s 36, 42, 61, & 67].   In each of the defendants' two most recent EOJ motions, the defendants affirmed that they were exercising diligence in preparing for the case.   None of the defendants' EOJ motions, including the two most recent, said anything about a lack of resources generally or the absence of document review platforms specifically.   Instead, each EOJ motion relied substantially on factors known to the defense and which have been static since the beginning of this case: the need for factual investigation regarding conduct that occurred over a period of years involving international witnesses and documents [Doc. #34[4] at 4, ¶ 11; Doc. # 41 at 4-5, ¶ 14; Doc. # 60 at 3, ¶ 9; Doc. #65 at 3, ¶ 9], the need to conduct legal research [Doc. #34 at 4, ¶ 11; Doc. # 41 at 4-5, ¶ 14; Doc. # 60 at 3, ¶9; Doc. #65 at 4-5, ¶14], the need for counsel to confer with their respective defendants and with each other [Doc. # 60 at 3, ¶¶ 10-11; Doc. # 65 at 3, ¶ 11], and the need to confer with experts [Doc. # 41 at 3, ¶ 8; Doc. # 60 at 2, ¶ 3 & n.1[5]; Doc. #65 at 2, ¶ 5].   In each EOJ motion, the

---

[4]  Doc. #34 is Mr. Stewart's motion.   Mr. Sewall filed a separate motion [Doc. #35] adopting Mr. Stewart's motion and did not provide additional information in support of the motion. The subsequent three EOJ motions were jointly filed by defendants Stewart and Sewall.

[5]  Defendants' first joint motion with currently appointed counsel noted that the defendants have entered into a joint defense agreement and "have been sharing resources and information as part of a contemplated joint defense." [Doc. # 60 at 2, n.1]. Defendants specifically referenced sharing consultants and potential experts at this

defendants also referenced the voluminous discovery produced in this case.   As of the filing of the most recent EOJ motion on June 29, 2022, the defense had received all but the most recent discovery production (dated September 26, 2022).

When the government agreed to not oppose the defendants' fourth EOJ motion, the government made very clear to the defense that it would vigorously oppose any further continuances.

As set forth in the government's motion, the current trial date should be preserved because multiple international witnesses will need to travel to the United States for the trial in this matter, and the witnesses have been planning on the February 27, 2023, trial date.   Additionally, because AUSA Rhyne will be leaving the government at the end of May 2023, the February 27, 2023, trial date should be preserved so that AUSA Rhyne is available to try this case.   AUSA Rhyne is the only prosecutor who has been assigned to this case from its inception.   Her historical knowledge of this complex case will be very important to the government in trying this case, and her absence would prejudice the government and interrupt continuity of counsel.

Because defense counsel have had, and continue to have, plenty of time to prepare for trial and its related deadlines, and because the government will be prejudiced by any additional delay, the Court should advance the pretrial motions deadline to December 14, 2022, in order to preserve the February 27, 2023, trial date in

---

time. This motion was filed January 24, 2022, demonstrating that the consideration of experts is not new and will not be impacted by the requested change to the pretrial motions deadline.

this matter.

Respectfully submitted this 19th day of October 2022.

COLE FINEGAN
United States Attorney

By: *s/Pegeen D. Rhyne*
PEGEEN D. RHYNE
Assistant U.S. Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Pegeen.Rhyne@usdoj.gov
*Attorney for Government*


By: *s/Anna Edgar*
ANNA EDGAR
Assistant U.S. Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100
(303) 454-0409 (fax)
Anna.Edgar@usdoj.gov
*Attorney for Government*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this case.

s/ *Amy McDaniel*
Amy McDaniel
Legal Assistant
U.S. Attorney's Office