**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 21-cr-00034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL SHAWN STEWART, and
2.    BRYANT EDWIN SEWALL,

    Defendants.

---

**JOINT UNOPPOSED MOTION TO CONTINUE JURY TRIAL,
EXTEND FILING DEADLINES, AND EXCLUDE AN ADDITIONAL 270 DAYS FROM
SPEEDY TRIAL CALCULATION**

---

Defendants Michael Stewart and Bryant Sewall, by and through their respective undersigned counsel, jointly move the Court for a continuance of the February 27, 2023, trial date for approximately nine months, for a corresponding extension of deadlines to file motions and responses, and to exclude an additional 270 days from the speedy trial calculation. Defendants state the following grounds:

**I.    Introduction**

    1.    The Indictment in this case (Doc. 1), filed February 4, 2021, charges the defendants with 14 counts of wire fraud in violation of 18 U.S.C. § 1343, one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, and related forfeiture allegations. The offenses charges involve an alleged scheme to defraud beginning "in at least late 2015 and continuing until at least September 2019…" (Doc. 1, p. 1). The

alleged objective of the scheme was "obtaining from investors money for the purpose of investing in algorithm-based trading in foreign currency exchange ("FOREX") markets." (Doc. 1, p. 1).

2. The Court has granted several previous motions to continue the trial date on the grounds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. (See, Docs. 36, 42, 61, 67).

3. At present, this matter is scheduled for a 13-day jury trial to commence February 27, 2023, with pre-trial motions due on or before January 30, 2023. (Doc. 68).

4. On October 6, 2022, Defendant Sewall's then-attorney filed a motion to withdraw and for the appointment of substitute counsel (Doc. 77), which was granted by Magistrate Judge Crews on October 26, 2022 (Doc. 88). The government objected to the order, and on November 1, 2022 this Court overruled the objection and adopted and affirmed the Magistrate's ruling (Doc. 91). The Court's order further directed that CJA counsel be appointed to represent Mr. Sewall.

5. On November 8, 2022, undersigned counsel Thomas Ward filed a Notice of Attorney Appearance on behalf of Mr. Sewall pursuant to the CJA appointment.

6. Based on the initial observations of undersigned counsel for Mr. Sewall, it would be impossible for newly-appointed defense counsel to be adequately prepared for pre-trial proceedings or for the trial itself under the present schedule, for the reasons set forth herein.

**II.   Applicable Legal Principles**

7. The Speedy Trial Act provides in relevant part:

> "The following periods of delay shall be excluded … in computing the time within which the trial of any such offense must commence:
>
> …
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . .at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(7)(A).

8. In determining whether the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, the Court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as

>to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv); *United States v. Toombs*, 574 F. 3d 1262,1268-69 (10th Cir. 2009).

    9.    In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit identified four factors a court should consider when deciding whether a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

### III.    Argument

    10.    The factors cited above weigh heavily in favor of granting a continuance of the jury trial and excluding an additional 270 days from the Speedy Trial calculation on the grounds that the ends of justice served would outweigh the best interest of the public and the defendant in a speedy trial.

    11.    Undersigned counsel has only been on the case for approximately two weeks. Virtually all of the factors cited by Mr. Sewall's previous attorney in previous motions for ends of justice continuances (See, Docs. 35, 41, 60, 65) are equally

applicable today, as newly-appointed counsel is essentially starting from scratch. Proceeding within the current schedule and deadlines would deny counsel for Mr. Sewall the reasonable time necessary for effective preparation, even taking into account the exercise of due diligence.

12. As the Court has previously noted, Discovery in the case is extensive. Counsel for Mr. Sewall does not presently have the discovery[1], but has gleaned information about the size of the production from previous ends of justice motions and the orders granting them. As of the most recent such motion filed jointly by the defendants on June 29, 2022, the discovery consisted of "approximately 300,000 documents and files." (Doc. 65, p.2). That motion was unopposed, and thus this averment of fact was deemed confessed by the government and was adopted and incorporated by the Court in its order granting the continuance (Doc. 67, p. 3). Subsequent filings have provided additional information about the scope of discovery. In Defendant Sewall's *Response in Opposition to Government's Motion to Advance Motions Deadline* (Doc. 79), Mr. Sewall's prior counsel informed the Court that "over 65,000 unique documents had been produced in discovery, corresponding to over

---

[1] On November 16, 2022, the government provided counsel for Mr. Sewall a hard drive that containing the government's discovery production to date. Unfortunately, the drive was damaged by the carrier and rendered inoperable while in transit from defense counsel to counsel's litigation support expert who was to evaluate and process the data. Counsel received a replacement hard drive on November 22, 2022, and the files are currently being processed. However, counsel does not anticipate receiving the processed discovery from the defense litigation support expert until after the Thanksgiving holiday.

439,000 pages of records," adding that the main index to the discovery is itself more than 900 pages. (Doc. 79, p.2 and fn.2).

13. Given the scope of the material, counsel for Mr. Sewall could not review and evaluate the discovery for potential pre-trial motions issues, conduct necessary legal research, and draft and file the appropriate motions with the Court in time to meet the January 30 filing deadline which is now 68 days away. Similarly, it would be impossible for counsel to be prepared for the presently scheduled jury trial in only 96 days.

14. The complexity of the subject matter and the charges before the Court also dictates that newly-appointed counsel for Mr. Sewall will need additional time for adequate preparation. As noted above, the Indictment alleges that the objective of the scheme was "obtaining from investors money for the purpose of investing in algorithm-based trading in foreign currency exchange ("FOREX") markets." (Doc. 1, p. 1). While undersigned counsel for Mr. Sewall is familiar with the wire fraud statute generally, understanding the facts of this case and how they might relate to a purported scheme to defraud will require counsel to consult with one or more experts to acquire a working knowledge of FOREX trading and standards within the industry. The government has noted that "the presentation of evidence at trial will require an in-depth discussion of FOREX trading and several technologies used in such trading." (Doc. 84, p. 4, fn.2). Because of the novelty and complexity of the subject matter, it will likely take counsel longer to become familiar with the discovery than in a typical case concerning more conventional allegations.

15. The government has informed the Court that "[t]he trial in this case will require the presentation of substantial international evidence from multiple countries because, among other things: (1) defendants Stewart and Sewall conducted much of Mediatrix's and Blue Isle's business from an office in the Bahamas; (2) Blue Isle's FOREX brokerage accounts were located in the United Kingdom; (3) bank accounts were held in multiple foreign countries; and (4) some of the investors reside in foreign countries." (Doc. 74, p.2). Counsel for Mr. Sewall is at this point unfamiliar with the evidence to which the government refers but at any rate takes the government at its word. The fact that a significant portion of the evidence and witnesses resides in foreign countries will undoubtedly increase the amount of time counsel will need to conduct any necessary independent factual investigation in connection with Mr. Sewall's defense.

16. Based on the factors known to undersigned counsel at this time, counsel believes that an exclusion of 270 days from the presently scheduled February 27 trial date would be the minimum amount of time necessary for counsel to review discovery, conduct legal research and draft necessary motions, conduct an independent investigation and to prepare to meet the government's case as well as for the presentation of any defense evidence at a jury trial in this matter. Further, counsel anticipates that excluding an additional 270 days from the speedy trial calculation would be likely to accomplish the purpose underlying the request for continuance – namely, to afford newly-appointed counsel adequate time for preparation to effectively represent Mr. Sewall. Conversely if the request for continuance is denied and the present trial date remains in place, counsel would not have reasonable time for effective preparation.

Failure to grant the requested continuance would almost certainly result in a miscarriage of justice.

17. In response to the Court's order (Doc. 93) directing that counsel for Defendant Sewall "file a Response to, or otherwise state his position regarding, the Government's Motion to Preserve Trial Date and Advance Pretrial Motions Deadline," counsel informs the Court that Defendant objects to the government's request, for the reasons set forth herein.

18. Finally, counsel for Mr. Stewart joins in this motion for the following reasons. The undersigned counsel for Mr. Stewart has learned that he is being mobilized to Active Duty as a Judge Advocate with the Colorado Army National Guard. Counsel is slated to serve an overseas tour in Europe beginning in late April 2023 running through February 2024. Mandatory training events in the run up to the deployment are scheduled for January 5, 2023 through January 8, 2023, as well as March 2, 2023 through March 5, 2023. The second mandatory training period is scheduled in the middle of the currently set trial dates. Mr. Stewart agrees his co-defendant's counsel needs time to prepare for trial. Additionally, if the Court grants this motion, Mr. Stewart will receive new counsel from the Federal Public Defender's Office who will also need the 270 ends of justice continuance to prepare for trial.

19. Undersigned counsel conferred with Assistant United States Attorney Anna Edgar prior to filing this motion and informs the Court that the government does not object to the relief requested herein.

## IV. Conclusion

Given the circumstances of this case, the ends of justice served by the requested continuance significantly outweigh the best interest of the public and the defendants in a speedy trial. Defendants therefore jointly request a continuance of the trial and an exclusion of 270 days from the speedy trial calculation as outlined above.

Respectfully Submitted,

s/Thomas R. Ward
**Thomas R. Ward**
Attorney for Defendant Bryant Sewall
McDermott Stuart & Ward LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Tel. 303-832-8888
Fax 303-863-8888
tward@mswdenver.com

s/ Jordan R. Deckenbach
**Jordan R. Deckenbach**
Attorney for Mr. Michael Stewart
Assistant Federal Public Defender
111 South Wolcott Street
Casper, WY 82601
Telephone: (307) 772-2781
Jordan_Deckenbach@fd.org

Dated:   November 22, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, November 22, 2022, I electronically filed the foregoing JOINT MOTION TO CONTINUE JURY TRIAL, EXTEND FILING DEADLINES, AND EXCLUDE AN ADDITIONAL 270 DAYS FROM SPEEDY TRIAL CALCULATION with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all opposing counsel of record.

s/Thomas R. Ward<br>
Thomas R. Ward