**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    MICHAEL SHAWN STEWART,**
2.    BRYANT EDWIN SEWALL,

    Defendants.

**ORDER DENYING MICHAEL SHAWN STEWART'S MOTION TO CONTINUE**

Before the Court is Defendant Michael Shawn Stewart's Motion to Continue Jury Trial, Extend Filing Deadlines, and Exclude an Additional 180 Days from the Calculations of the Speedy Trial Act ("Motion"). (ECF No. 104.) The Government opposes the Motion. (ECF No. 106.) For the reasons stated below, the Motion is denied.

**I. LEGAL STANDARD**

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8). Specifically, "the

Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440–441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In ruling on an "ends of justice" ("EOJ") continuance under § 3161(h)(7)(A), the Court considers the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)–(iv).

## II. PROCEDURAL HISTORY

On February 4, 2021—nearly two and one-half years ago—the Government filed the Indictment, charging Stewart and his co-defendant, Bryant Edwin Sewall, with fourteen counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.  (ECF No. 1.) Stewart was initially represented by privately-retained counsel.  (ECF Nos. 6, 11.)  In January 2022, Stewart's counsel moved to withdraw, citing "a breakdown in communication" and Stewart's failure "to fulfill certain obligations" to counsel.  (ECF No. 54.)  That motion was granted, and Assistant Federal Public Defender Jordan Deckenbach entered his appearance on January 13, 2022.  (ECF Nos. 57, 59.)

Shortly after entering his appearance, Deckenbach filed an unopposed EOJ motion on behalf of Stewart seeking a 180-day exclusion.  (ECF No. 60.)  That motion was granted.  (ECF No. 61.)  In June 2022, Stewart and Sewall filed a joint motion seeking an additional 120-day exclusion. (ECF No. 65.)  That motion was also granted. (ECF No. 67.)

In October 2022, Sewall's attorney moved to withdraw, which the Government opposed.  (ECF Nos. 77, 84.)  After that motion was granted, Thomas Ward—an

3

experienced member of the Court's Criminal Justice Act panel—was appointed and entered his appearance. (ECF Nos. 88, 89, 92.) Stewart and Sewall filed a joint EOJ motion requesting a 270-day exclusion so that Ward could review discovery and prepare for trial and because Deckenbach was being deployed in connection with his Colorado Army National Guard service. (ECF No. 94.) That motion was also granted. (ECF No. 97.)

Because Deckenbach was to be deployed, on some date which is not clear from the record, the Office of the Federal Public Defender reassigned its representation of Stewart to David Johnson, who never entered an appearance in this case. (ECF No. 104 at 2–3.) When Johnson permanently left the office, the case was reassigned again to Stewart's current counsel, Mary Butterton, who entered her appearance on March 8, 2023. (*Id.* at 3; ECF No. 103.)

### III. ANALYSIS

Relying on *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), Stewart's current counsel argues a continuance should be granted because: (1) she has been working diligently to prepare for this case; (2) granting a continuance would accomplish the Motion's stated goal of allowing her to prepare pre-trial motions and for trial; (3) the Government would not be inconvenienced by a continuance because they would have time to adjust their plans for trial; and (4) denying a continuance would harm Stewart's constitutional right to effective assistance of counsel. (ECF No. 104 at 5–7.)

Neither the Court nor the Government question the diligence of Stewart's current counsel. (ECF No. 106 at 6.) While the Government asserts that a continuance will not serve the public interest or protect victims' rights, it does not squarely address

4

"inconvenience" to itself or the Court.  (*See* ECF No. 106 at 2–3.)  Therefore, the Court assumes the Government would not be inconvenienced by a continuance.

Stewart's current counsel argues that due to the volume of discovery, the number of anticipated witnesses and exhibits, the location of witnesses, and the unavailability of Deckenbach for consultation due to his military service, she is unable to sufficiently prepare for trial in the time currently allotted.  (ECF No. 104 at 5–7.)  Without additional time to prepare, she asserts whatever assistance she can provide Stewart will be constitutionally infirm.  (*Id.* at 7.)  In support of this contention, she asserts that to fully review the nearly 440,000 pages of discovery, she would need to read more than 2,000 pages every day from the date the Motion was filed until the September 18, 2023, pre-trial motions deadline.  (*Id.* at 3–4.)  She also cites the Government's intent to call more than 30 witnesses (most of whom live outside Colorado) and include approximately 450 exhibits on its exhibit list for trial.  (*Id.* at 3.)

The Government contends that effective assistance does not require Stewart's current counsel to "personally . . . review every page of discovery produced in this case."  (ECF No. 106 at 5.)  The Government argues "counsel has not satisfactorily explained why this is necessary or efficient," given the reviews completed by prior counsel and the availability of searchable databases to assist in identifying relevant documents.  (*Id.* at 6.)  Further, the Government explains that it provided both defendants with summary documents in October 2022 to "assist defense counsel in their preparations and avoid surprise or delay."  (*Id.*)

The Court agrees with the Government that Stewart's counsel does not need to personally review every single page of discovery to provide effective assistance.  The

5

Court appreciates the challenges associated with taking over a case assignment from a colleague and knows that reassignment inherently involves duplication of some work. But as Stewart's current counsel implicitly acknowledges, reassignment does not require *starting over*.  (ECF No. 104 at 3 ("Undersigned counsel is incorporating her colleague's prior work into her preparation, but Mr. Deckenbach is now unavailable for consult due to active military deployment at Central Command in Europe.").)  And while she cannot consult Deckenbach due to his military duties, Stewart's counsel can consult with and rely upon Attorney Ward, whose client has entered a joint-defense agreement with Stewart and who (like Stewart's counsel) is experienced and well-respected.  (ECF No. 106 at 5.)

To date, the Court has granted the following five EOJ continuances totaling **933 days** (more than two-and-a-half years to the date of trial):

- 180 days from March 26, 2021, through September 22, 2021, plus three days while the EOJ motion was pending (ECF No. 36);
- 180 days from September 23, 2021, through March 22, 2022 (ECF No. 42);
- 180 days from March 23, 2022, through September 19, 2022 (ECF No. 61);
- 120 days from September 20, 2022, through January 18, 2023 (ECF No. 67); and
- 270 days from January 19, 2023, through October 16, 2023 (ECF No. 97).

Stewart's current counsel entered her appearance on March 8, 2023, 48 days into the 270-day exclusion the Court granted after Ward became Sewall's counsel and,

6

notably, about one week shy of *nine months prior to trial*. While she will not receive the full benefit of that exclusion, there were still 222 days left in the exclusion period when she was reassigned this case. Moreover, when she filed the Motion on June 28, 2023, there were still 152 days, or over five months, remaining until trial. (*See* ECF Nos. 101, 104.) The Court finds that this is ample time to prepare for trial—even in a complex case—with the assistance of technology, co-counsel, and prior counsel's work product.

In light of the foregoing, the Court gives little weight to the assertion that additional time will accomplish the goal of allowing Stewart's counsel to read every page of discovery. (*See* ECF No. 104 at 4.) Given the total aggregate length of continuances it has already granted in this case, coupled with the time yet remaining to prepare for trial, the Court is confident that Stewart's counsel has been provided with a sufficient amount of time within which to prepare for trial and provide her client with highly-competent representation that satisfies the requirements of the Constitution, as well as her professional and fiduciary duties to him.

## IV. CONCLUSION

For these reasons, Stewart's Motion to Continue Jury Trial, Extend Filing Deadlines, and Exclude an Additional 180 Days from the Calculations of the Speedy Trial Act (ECF No. 104) is DENIED. **All filing deadlines and Court settings remain as previously scheduled.**

Dated this 10th day of July, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge