**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **MICHAEL SHAWN STEWART**, and
2.    **BRYANT EDWIN SEWALL**,

      Defendants.

---

### ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE*

---

The Government charges Defendants Michael Shawn Stewart and Bryant Edwin Sewall (jointly, "Defendants") with fourteen counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371.  (ECF No. 1.)  Currently before the Court is the Government's Motion *in Limine* that Summary Exhibits of Self-Authenticating Business Records Are Admissible Pursuant to Federal Rule of Evidence 1006 ("Motion").  (ECF No. 190.)  Defendants filed a joint response in opposition (ECF No. 217), and with leave of the Court (ECF No. 234), the Government filed a reply in support (ECF No. 239).

For the reasons explained below, the Motion is granted.

### I. LEGAL STANDARD

Federal Rule of Evidence 1006 provides that the proponent of summary exhibits to prove content

> may use a summary, chart, or calculation to prove the
> content of voluminous writings, recordings, or photographs
> that cannot be conveniently examined in court.  The
> proponent must make the originals or duplicates available for
> examination or copying, or both, by other parties at a
> reasonable time and place.  And the court may order the
> proponent to produce them in court.

For summary exhibits of voluminous records to be admissible, the underlying evidence must be admissible, though not necessarily admitted into evidence.  *United States v. Irvin*, 682 F.3d 1254, 1261 (10th Cir. 2012).  Further, summaries proffered under Rule 1006 must in fact rely upon, *United States v. Ray*, 370 F.3d 1039, 1046 (10th Cir. 2004), and accurately reflect, *Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1468–69 (10th Cir. 1994), the contents of the admissible underlying, voluminous evidence.

## II. ANALYSIS

### A.      Propriety of the Motion

The Government seeks a pretrial ruling on the admissibility of numerous exhibits prepared by FBI Financial Analyst Lindsay Fryer ("Fryer") summarizing voluminous account statements.  (ECF No. 190 at 3–4.)  Defendants argue this is improper because the Government seeks to confirm certain evidence is admissible, rather than exclude evidence.  (ECF No. 217 at 1–2.)  Indeed, a strict reading of the undersigned's Revised Practice Standards supports this view.  (*See id.* (citing WJM Revised Practice Standard III.G.1).)  Nevertheless, as the Government points out in the Motion, (ECF No. 190 at 4), the undersigned has on occasion "analyze[d] the issues raised . . . [in "offensive" motions *in limine*] to avoid extensive evidentiary disputes at trial."  *E.g.*, *United States v. Lowe*, 571 F. Supp. 3d 1208, 1213 n.1 (D. Colo. 2021) (Martínez, J.)  In the Court's view this is one of those rare occasions in which consideration of an "offensive" *limine* motion is appropriate.

**B.      Expert or Lay Testimony**

Defendants urge that the Government's proffer of the summaries is an attempt to

admit expert testimony that was not properly disclosed.  The Court has previously

rejected this argument and now rejects it again.  (*See* ECF No. 248 at 8; ECF No. 253

at 13–16.)

**C.      The Summary Exhibits**

The Court has reviewed the proffered summaries, which the Government

attaches to the Motion, as well as the parties' arguments in support and against their

admission.  (ECF Nos. 190, 190-1, 217, 239.)  There is no dispute as to the authenticity

and admissibility of the underlying records under Rules 803(6), (8), (17), and 807.  (ECF

Nos. 186, 187.)

The Court concludes the underlying records are clearly voluminous.  The

summaries organize and summarize thousands of pages of bank and brokerage

account records.  (*See* ECF No. 190 at 4.)  The fact that two of the summaries draw

information from a relatively small number of those voluminous records does not

change this fact.  (*See* ECF No. 217 at 9.)  Fryer still had to examine a large number of

records to prepare the summaries, a task that cannot be conveniently accomplished

during trial.[1]  (*See* ECF No. 190 at 6, 8; Fed. R. Evid. 1006 (permitting summary exhibits

---

[1] There is an analytical gap between a case such as *Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1334–35 (10th Cir. 1996), where the Tenth Circuit held that "eighteen one-page pulmonary function test results . . . [were] not voluminous" for purposes of Rule 1006 and a case involving 2800 one-page test results of which a summary exhibit selected eighteen.

In that second, hypothetical case, whoever prepared the summary would be subject to cross-examination on why he or she included such a small sample in the summary, how the sample set was selected, and whether the sample set is either particularly relevant or is representative of the complete set.  Unless these or similar lines of questioning reveal some defect that makes the exhibits an inaccurate summary of the underlying evidence or show the summaries do not in fact rely upon the underlying records, they go to weight rather than

3

of voluminous records "that cannot be conveniently examined in court").)

The Court further concludes that the records were made available to Defendants at a reasonable time and place.  Otherwise, it would have been impossible for the parties to reach their stipulations as to the authenticity and admissibility of these documents.  (*See* ECF Nos. 186, 187.)  Moreover, though it is the Government's burden to satisfy the Court that the summary exhibits meet the requirements of Rule 1006, it is noteworthy that Defendants do not argue the underlying records were unavailable to them.  (*See generally* ECF No. 227.)

The majority of Defendants' response brief is dedicated to arguing that the summaries do not accurately reflect the underlying records and at times improperly assume certain information (*i.e.*, do not rely on the underlying records).  (*See id.* at 5–11.)  They protest that the summaries were created using "an extensive trove of some 90+ spreadsheet tabs" and rely on Microsoft Excel formulae (*id.* at 5); a summary relying on monthly account records performed currency conversions using end-of-month rates (*id.* at 7; ECF No. 239 at 2); and some summaries have explanatory footnotes identifying calculations based on incomplete data (ECF No. 227 at 7).  In addition, they argue that preparing the summaries required Fryer's specialized knowledge as a forensic accountant or including color coding transforms the summaries into either expert opinion testimony or improper argument.  (*Id.* at 2–3, 5–7, 10.)

---

admissibility.

Defendants' specific objections to Exhibit 3 and Exhibit 16 relate instead to whether seven selected pages of bank account statements are voluminous and whether a summary that did not require math to produce will help the jury.  These arguments go to the weight to be appropriately attributed to this evidence.

None of these arguments for exclusion are persuasive, though of course, they may convince the jury to give the summaries considerably, or somewhat, less weight than other evidence, or to discount them entirely.  But that of course is for the jury to decide.  The Court rules that the Government's proffered summary exhibits are admissible at trial, subject to it laying an adequate foundation for them in conformity with Rule 1006.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that the Government's Motion *in Limine* that Summary Exhibits of Self-Authenticating Business Records Are Admissible Pursuant to Federal Rule of Evidence 1006 (ECF No. 190) is GRANTED.

Dated this 25th day of April, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge