IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **MICHAEL SHAWN STEWART,**
2. BRYANT EDWIN SEWALL,

    Defendants.

---

**ORDER DENYING DEFENDANT STEWART'S MOTION FOR RECUSAL**

---

This matter comes before the Court on Michael Shawn Stewart's ("Stewart") Motion to Recuse Judge William Joseph Martínez ("Motion") (ECF No. 259), which seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a).  No other party has weighed in on the merits of the Motion.  For the reasons set forth below, Defendant Stewart's Motion is denied.

Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  As the moving party, Stewart bears the burden to establish sufficient facts indicating bias and prejudice to justify recusal.  *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

Stewart asserts the undersigned's recusal is necessary for several reasons, each without merit:

- He asserts the undersigned has exhibited a "series of behaviors . . . that demonstrate an undeniable bias and hostility toward the accused" (ECF No. 259 at 1–2);

- He cites multiple purported incidents where the undersigned has "shown an overt partiality against" him, such as denying his motions challenging the Court's jurisdiction, "explicit threats" against him for attempting to assert his rights, "and a pattern of disparaging and prejudicial remarks directed at the defendant during court proceedings" (*id.*);

- He asserts the undersigned's "threat[s] to strike" future filings "effectively stifle the defense's ability to present its case" (*id.*); and

- He argues there exists "disparate treatment . . . in the scheduling and management of court proceedings, where motions and filings by the defense are subjected to undue delay and oversight, while similar actions by the prosecution are expedited" (*id.*).

Stewart's given reasons and arguments in support of recusal reveal his fundamental misunderstanding of the undersigned's rulings, the business of federal district courts and the undersigned's chambers, and of the law of recusal.

Stewart asserts the undersigned is biased against and hostile to him because the undersigned has "repeated[ly] deni[ed] . . . [his] right to challenge the [C]ourt's jurisdiction."  (*Id.* at 5.)  But that is not true; the first time the Court was properly

2

presented with Stewart's jurisdictional challenge was on April 15, 2024, during a hearing two weeks before the start of trial.  Stewart seems to understand this fact implicitly, labeling that date number one in his list of specific instances of the undersigned denying his jurisdictional challenge.  (*Id.*)

Number two in that list is apparently a reference to Stewart's Petition for Judicial Review and Redress Concerning Ineffective Assistance of Counsel Arising from Unaddressed Jurisdictional Issues ("Petition") (ECF No. 240).  (*See* ECF No. 259 at 6.)  He states that the Petition was unilaterally stricken and contrasts it with the undersigned's treatment of his former counsel's Motion to Withdraw as Counsel for Defendant Stewart ("Motion to Withdraw") (ECF No. 189).  (ECF No. 259 at 6.)  This complaint is not only factually incorrect—it also makes no sense.  The Court did not strike the Petition, it denied it, explaining to Stewart that there is no jurisdictional defect in this case.  (ECF No. 242 at 2; ECF No. 263.)  Further, the Court did not strike the Motion to Withdraw because it granted that motion after a hearing, which Stewart attended via video telephone conference.  (ECF No. 206 at 1.)

Moreover, the undersigned did not address Stewart's earlier "attempts to file these motions and challenge jurisdiction in September 2023, August 16, 2022, [and] April 1, 2024" because Stewart was represented at those times.  (*See* ECF No. 103 (appearance of Mary V. Butterton on March 8, 2023); ECF No. 206 (granting motion for Butterton to withdraw on April 15, 2024).)  There is no right to both represent oneself and have representation from counsel.  *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).  No reasonable person would have questions about the undersigned's impartiality based

on the Court's unwillingness to permit a hybrid representation or its rulings denying Stewart's meritless motions.  See, e.g., ."  Bryce, 289 F.3d at 659.

Stewart next asserts the undersigned "has frequently crossed the line from judicial authority into personal hostility," including "multiple instances . . . [of] verbal threats . . . [and] derogatory remarks . . . ."  (ECF No. 259 at 8.)  For instance, he argues the undersigned "has explicitly threatened to strike any challenges to the court's jurisdiction from the record," which "suppresses a legitimate legal defense . . . [and is] an overreach of judicial authority . . . ."  (Id. at 9.)  He further asserts the undersigned favors quick resolution of the Government's motions and delay of his own.  (Id.)  This claim is purportedly supported by "[d]ocumentation and observations," but he does not identify what documents or whose observations.  (Id.)

The Court's interpretation of Stewart's passing reference to "threats" is informed by the affidavit of Stewart's daughter, Kathleen Stewart, which was attached to the Motion.  (ECF No. 259-1 at 1 ¶ 3 (stating that the undersigned "further escalated the situation by threatening to have my father arrested and detained throughout the trial").)  The undersigned did not and has not threatened Stewart with any repercussions for raising any concerns about his legal rights.  Stewart was simply informed that if he failed to appear in person for the April 19, 2024 Final Trial Preparation Conference, he would be in violation of the Court's explicit order and a warrant would be issued for his arrest for that violation.  (ECF No. 236 at 36:7–11.)[1]  The undersigned's Revised Practice

---

[1] This exchange took place during the portion of the April 15, 2024 Faretta hearing during which the Government was present.

Standard IV.B.1 clearly states that "all *pro se* parties[] must attend the Final Trial Preparation Conference in person." Enforcing the Court's Orders and Revised Practice Standards is not a threat.

As for further "threats" to "strike any challenges to the [C]ourt's jurisdiction from the record," Stewart misunderstands the undersigned and the procedural posture of this case. The undersigned will strike any non-meritorious, untimely, procedurally improper motion or "notice" Stewart files, as well as any filing that fails to comply with the Federal Rules of Criminal Procedure, the Local Rules of this District, the undersigned's Revised Practice Standards, or any prior Orders in this case. The same rules apply to counsel for Stewart's co-defendant and for the Government. "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, . . . court[s] . . . insis[t] that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Shelby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citations omitted) (cleaned up); *accord United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004).

Notably, the Motion also does not comply with the undersigned's Revised Practice Standard III.C.1, which limits all motions to 15 pages or less, unless otherwise provided. Nevertheless, acting within its inherent power to manage its docket, the Court considers the Motion on its merits, despite the fact the Court could have stricken it. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010).

The final section of the Motion containing substantive argument merely repeats in other words the arguments already discussed. Like other portions of the Motion, it

5

makes Stewart's misunderstanding of the Court's rulings apparent. He purports to quote the undersigned as having said he will "strike any further challenges to jurisdiction from the record." (ECF No. 259 at 10.) While the Court will not quote from portions of the court reporter's official sealed transcript recording *ex parte* conversations, it notes that the undersigned made no such utterance. (*See generally* ECF No. 236.)

Of central importance here is the fact that there is as much obligation for a judge not to recuse, as there is to recuse when appropriate. *Bryce*, 289 F.3d at 659 (stating that a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require")

The decision to recuse is committed to the sound discretion of the district judge. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citing *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987)). The Court finds that Stewart has failed to provide sufficient facts to meet his burden of showing that recusal is required. The undersigned is firmly of the view that the alleged impartiality asserted by Stewart fails to rise to the level requiring recusal, and that he is more than capable of presiding over a jury trial which is fundamentally fair and impartial to all parties and counsel.

Accordingly, Defendant Stewart's Motion to Recuse Judge William Joseph Martinez (ECF No. 259) is DENIED.

Dated this 26th day of April, 2024.

BY THE COURT:

_____

William J. Martínez
Senior United States District Judge