IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL SHAWN STEWART, and
2.    BRYANT EDWIN SEWALL,

    Defendants.

## ORDER DENYING CONSTRUED MOTION FOR DISCOVERY COSTS

On February 14, 2025, the Court held a conference to set a schedule for limited discovery and dispositive briefing on Hase Haus, LLC, Casa Conejo, LLC, Michael Charles Baker, Salve Regina Trust, West Beach LLC, Michael Young, Maria Young, Susanna Young, Joseph Young, Luisa Young, Michael Young II, and Moncia Young's (collectively, "Petitioners") Verified Second Amended Ancillary Petition filed pursuant to Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853(n) (ECF No. 502) ("Second Amended Petition").  The parties submitted a proposed scheduling order in advance of the conference, in which Petitioners stated:

> The Petitioners seek an Order that all costs of discovery, including Petitioners' discovery, be borne by the government because all of Petitioners' assets are frozen, at present Mr. Young is incarcerated and without an income, and Mrs. Young is responsible for six minor children and does not have any income.

(*See* ECF No. 499 at 12.)  The Court directed Petitioners to brief any argument and

authority supporting their request that the United States of America (the "United States" or the "Government") bear their discovery costs associated with litigating the Second Amended Petition. (*See id.*)

Now before the Court is Petitioners' Brief Regarding Discovery Costs, which the Court construes as a motion requesting that the Court prospectively shift Petitioners' discovery costs to the Government and award them $35,000 (ECF No. 503) (the "Motion"). The Government opposes the Motion. (ECF No. 507.)

For the reasons explained below, the Motion is denied.

## I. ANALYSIS

Petitioners cite three authorities that purportedly authorize the Court to award them their anticipated discovery costs: (1) the Sixth Amendment; (2) 18 U.S.C. § 983(b), as added to the United States Code by the Civil Asset and Forfeiture Reform Act of 2000 ("CAFRA"); and (3) the Due Process Clause. (*See generally* ECF No. 503.) As discussed below, however, these authorities do not permit this Court to prospectively shift Petitioners' discovery costs to the Government.

**A.   Sixth Amendment**

Petitioners' contention that the Sixth Amendment "[m]ay [r]equire [c]ost [s]hifting" requires two analytical leaps. (ECF No. 503 at 5.) First, Petitioners assert that, although they "are not facing imprisonment in these forfeiture proceedings" (*id.*), the Sixth Amendment's guarantee to counsel may extend to them based on the Supreme Court's acknowledgement that "even those protections associated with criminal cases may apply to a civil forfeiture proceeding if it is so punitive that the proceeding must reasonably be considered criminal." *Austin v. United States,* 509 U.S. 602, 608 n.4 (1993). In turn, Petitioners reason that, if they have a constitutional right to counsel in

2

connection with these forfeiture proceedings, they are also entitled to their costs of discovery because "appointed counsel typically procure reasonable funds to pay litigation costs from the government as part of their appointment." (ECF No. 503 at 5.)

Petitioners' argument fails at the first step. Despite the Supreme Court's dicta in *Austin*, it "has so far been unwilling to deem forfeiture proceedings 'criminal' for the purpose of counsel." *U.S. v. Deninno,* 103 F.3d 82, 86 (10th Cir. 1996). Thus, Petitioners' entitlement to discovery costs cannot flow from any asserted constitutional right to counsel in connection with these forfeiture proceedings.

B.  **18 U.S.C. § 983(b)**

On the other hand, Congress has "creat[ed] a statutory right to counsel in certain types of civil forfeiture proceedings" through the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified in part at 18 U.S.C. § 983. *United States v. 777 Greene Avenue,* 609 F.3d 94, 97–98 (2d Cir. 2010) (citation omitted). In pertinent part, § 983(b) states:

> (2)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.
>
> (B)(i) At appropriate times during a representation under subparagraph (A), the Legal Services Corporation shall submit a statement of reasonable attorney fees and costs to the court.
>
> (ii) The court shall enter judgment in favor of the Legal Services Corporation for reasonable attorney fees and costs submitted pursuant to clause (i) and treat such judgment as payable under section 2465 of title 28, United States Code, regardless of the outcome of the case.

> (3) The Court shall set the compensation for representation under this subsection, which shall be equivalent to that provided for court-appointed representation under section 3006A of this title.

18 U.S.C. § 983(b)(2)–(3).  While acknowledging "[t]he issue as to whether the current forfeiture proceedings are criminal or civil does not contain a clear answer under the law," Petitioners "submit that [§ 983(b)] authorizes this Court to approve a reasonable amount of costs to be payable by the government in their defense of these forfeiture proceedings."  (ECF No. 503 at 1–3.)

To be sure, there is support for the view that a proceeding conducted pursuant to 21 U.S.C. § 853(n) is at least civil in nature, even if conducted ancillary to a criminal case.  *See U.S. v. Moser,* 586 F.3d 1089, 1092–95 (8th Cir. 2009).  Nonetheless, the majority of courts to have considered the issue have concluded that an ancillary criminal forfeiture proceeding is not a "judicial civil forfeiture proceeding under a civil forfeiture statute," as that phrase is used in § 983(b).  *See United States v. Croft,* 2023 WL 3676959, at *5 (W.D. Tex. May 26, 2023) (third party claiming an interest in property subject to forfeiture was not entitled to appointment of counsel because "[s]ection 983(b)(2)(a) governs civil forfeiture proceedings, and the underlying forfeiture was a criminal forfeiture proceeding"); *U.S. v. $19,985.99 in U.S. Currency,* 2013 WL 1969884, at *2 (C.D. Cal. May 13, 2013) (although district court had consolidated civil forfeiture action with ancillary criminal forfeiture proceedings, it acknowledged that "§ 983(b)(2) authorize[d] appointments in civil forfeiture actions only"); *U.S. v. D'Esclavelles,* 541 F. Supp. 2d 794, 797 (E.D. Va. 2008) (concluding "civil proceeding to forfeit property" was not synonymous with a "civil forfeiture proceeding under a civil forfeiture statute," as used in CAFRA), *rev'd on other grounds* 2009 WL 550664 (4th Cir.

Mar. 5, 2009).[1]

Even assuming, however, that § 983(b) does apply to forfeiture proceedings ancillary to a criminal case, Petitioners have not shown that the statute authorizes the Court to award them a lump sum for their *anticipated* discovery costs. *Cf., e.g., U.S. v. $23,400.00 in U.S. Currency,* 2007 WL 1080292, at *1–4 (W.D.N.C. Apr. 9, 2007) (considering claimant's motion for reasonable fees and costs pursuant to CAFRA at the conclusion of trial court proceedings, as supported by "documents detailing . . . the actual costs associated with pursuing this litigation").

For at least these reasons, the Court finds there is no "clear statement of waiver[] of sovereign immunity" permitting it to prospectively award Petitioners their estimated discovery costs associated with litigating the Second Amended Petition against the Government under § 983(b). *United States v. Williams,* 514 U.S. 527, 541 (1995); *see also* Fed. R. Civ. P. 54(d)(1) ("costs against the United States . . . may be imposed only to the extent allowed by law").

**C.   Due Process Clause**

Petitioners lastly assert that due process "require[s] the government to assume the costs of reasonable discovery and expert witness fees so that Mr. and Mrs. Young have access to a fair hearing where both sides are allowed to take discovery and introduce expert testimony."  (ECF No. 503 at 4.)  The Court again disagrees.

Petitioners argue "this case is unique" because "Mr. and Mrs. Young are indigent

---

[1] *But see U.S. v. Counterfeit Merchandise & Proceeds from Sales of Counterfeit Merchandise,* 2011 WL 1667437, at *3 (N.D. Cal. May 3, 2011) (where "[t]he Government concede[d] that the Court has discretion to appoint counsel for a financially eligible person in a forfeiture action in connection with a related criminal case").

because the government . . . has frozen every dime of their assets" in a related proceeding involving the Securities and Exchange Commission. (*Id.*); *see generally United States Securities & Exchange Commission v. Mediatrix Capital Inc. et al.,* Case No. 1:19-cv-02594-RM-JPO (D. Colo.) ("SEC Action").  Moreover, Petitioners argue that Mr. Young was released from custody only recently, on February 21, 2025, and "has no reasonable expectation that he can continue to meet the basic needs of his family and pay for expert fees and discovery costs in these proceedings given his recent release." (ECF No. 503 at 4.)  In support, Petitioners cite only *Mathews v. Eldridge,* in which the Supreme Court stated that "[d]ue process is flexible and calls for such procedural protections as the particular situation demands."  424 U.S. 319, 334 (1976).

The Government correctly points out, however, that even litigants proceeding *in forma pauperis* are "not entitled to cost-free discovery."  *Gibson v. Campbell,* 2010 WL 5158369, at *2 (D. Colo. Dec. 14, 2010); *see also Hawkinson v. Montoya,* 2006 WL 1215397, at *2 (D. Colo. May 4, 2006) (same); *Ankeney v. Creany,* 2011 WL 7094380, at *4 (D. Colo. June 30, 2011) ("The court will not direct the defendants to bear the costs of the plaintiff's discovery.").  Moreover, as of his sentencing less than one year ago, Mr. Young appears to have received an employment offer pending his release from custody, which he expects will carry a pay increase.  *USA v. Young,* Case No. 1:20-cr-00349-RBJ (D.Colo.) (ECF No. 41 at ¶ 60).

Accordingly, the Court remains unconvinced that due process principles compel it to shift Petitioners' anticipated discovery costs to the Government.

## II. CONCLUSION

For the reasons set forth above, Petitioners' construed motion for an advance

award of their prospective discovery costs (ECF No. 503) is DENIED without prejudice to the following:  In the event Petitioners prevail, at least in part, on their Second Amended Petition, they may file a motion at the conclusion of litigation to recover any costs they *actually incurred* that are awardable under any applicable authority.

Dated this 18th day of March, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge