**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

**1. MICHAEL SHAWN STEWART**,

Defendant.

---

## ORDER DENYING DEFENDANT STEWART'S EMERGENCY MOTION FOR RELEASE PENDING APPEAL

---

On June 29, 2026, the Court sentenced Defendant Michael Shawn Stewart to a total consecutive term of 288 months imprisonment, including 240 months to be served in connection with his conviction by a jury on 14 counts of wire fraud, and 48 months to be served in connection with his conviction by a jury on one count of conspiracy. (ECF Nos. 769, 771.) Stewart timely filed a notice of appeal of his "conviction, sentencing, and fines" on July 6, 2026. (ECF No. 774.)

Now before the Court is Stewart's "Emergency Motion for Release Pending Appeal, for Release on Personal Recognizance or Unsecured Bond, and for Expedited Medical Consideration" ("Motion for Release") (ECF No. 791) and "Corrected and Integrated Addendum" in support thereof (ECF No. 807). The Government filed a response. (ECF No. 811.) Also before the Court is Stewart's "Corrected Motion for Expedited Ruling on Pending Motion for Release Pending Appeal" ("Motion for Expedited Ruling"). (ECF No. 802.)

For the reasons explained below, the Motion for Release is denied, and the Motion for Expedited Ruling is denied as moot.

## I. LEGAL STANDARD

"Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court." *United States v. Meyers,* 95 F.3d 1475, 1488 n.6 (10th Cir. 1996). "Under 18 U.S.C. § 3143(b)(1), detention pending appeal is presumed unless a judicial officer finds (A) 'by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community,' and (B) 'that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in' reversal, a new trial, or a lesser sentence." *United States v. Farr,* 457 F. App'x 757, 758 (10th Cir. 2012) (quoting 18 U.S.C. § 3143(b)(1)).

## II. ANALYSIS

### A. Flight Risk

As outlined above, Stewart must first demonstrate "by clear and convincing evidence" that he is "not likely to flee" if released pending his appeal. 18 U.S.C. § 3143(b)(1)(A). He cannot meet this burden.

Among other factors, 18 U.S.C. § 3142(g)(3)(A) directs the Court to consider "the person's . . . record concerning appearance at court proceedings." The Court previously extended to Stewart the privilege of release on bond pending sentencing, (ECF No. 343 at 29), but was ultimately forced to issue a bench warrant for his immediate arrest after he failed to appear for sentencing on March 19, 2026. (ECF No.

718 at 1.) After his arrest, United States Magistrate Judge Alison S. Bachus of the District of Arizona ordered Stewart detained pending his rescheduled sentencing hearing upon concluding he had "failed to show by clear and convincing evidence that he will not flee or pose a danger." (ECF No. 727 at 2.)

Even detention, however, did not put a stop to Stewart's efforts to avoid appearing for sentencing. In the days and hours leading up to his rescheduled sentencing proceedings on June 29, 2026, the Court was advised by the United States Marshals Service ("USMS") that Stewart was claiming to be unable to attend further Court hearings for health reasons. (ECF No. 766 at 1.) Noting the "extensive record . . . demonstrat[ing] to the Court that Defendant has intentionally engaged in numerous prior episodes of malingering conduct in order to delay, obstruct, and derail the date of his sentencing, conduct the Court finds has been undertaken entirely in bad faith," the Court ordered detention facility officials and the USMS to "use all reasonable efforts" to bring Stewart to his rescheduled sentencing proceedings *unless* "a medical professional . . . states a professional opinion that the Defendant is physically unable to attend the sentencing hearing due to a serious medical condition." (*Id.* at 2.) (None did.)

While the Court could detail still additional examples of Stewart's disregard for—if not outright rejection of—its jurisdiction and authority, these most recent events surrounding Stewart's sentencing are alone sufficient to persuade it that there are no conditions or combinations of conditions that will reasonably assure Stewart's appearance when required.

**B. Substantial Question**

Stewart's failure to satisfy § 3143(b)(1)'s first criterion is alone sufficient to deny his Motion for Release. *See* 18 U.S.C. § 3143(b)(1) (requiring courts to find that both subparts (A) *and* (B) are satisfied). Nonetheless, the Court will also briefly consider the second criterion: whether Stewart's appeal raises "'a substantial question of law or fact likely to result in' reversal, a new trial, or a lesser sentence." *Farr,* 457 F. App'x at 758 (quoting 18 U.S.C. § 3143(b)(1)(B)).

"[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck,* 765 F.2d 944, 952 (10th Cir. 1985) (en banc) (internal quotation marks omitted). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis[.]" *Id.* Stewart identifies two appellate issues in the Motion: (1) the sufficiency of the Government's evidence, and (2) "the [r]equirement of an [i]mpartial [t]ribunal." (ECF No. 791 at 7–8.) Neither presents a substantial question likely to result in reversal, a new trial, or a lesser sentence.

1. Sufficiency of the Evidence

Though "[t]he standard of review on appeal of a claim that the evidence is insufficient to support a defendant's conviction is distinct from the 'substantial question' standard applicable under the Bail Reform Act," "the standard of review on appeal of a claim of 'insufficient evidence' [nonetheless] aids resolution of the substantial question issue." *United States v. Brown,* 755 F. Supp. 942, 944 (D. Colo. 1991). The Tenth Circuit will "view[] the evidence in the light most favorable to the government and draw[] all reasonable inferences from the evidence in favor of the verdict." *United States v.*

*Kaspereit,* 994 F.3d 1202, 1207 (10th Cir. 2021). It "will reverse and acquit 'only when no reasonable jury could find the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *United States v. Wagner,* 951 F.3d 1232, 1255 (10th Cir. 2020)).

Stewart first appears to argue that the evidence was insufficient to support his convictions because the evidence points to his co-defendant, Bryant Edwin Sewall, and business partner, Michael Young, as the more culpable actors in the alleged scheme to defraud investors. He contends, for instance, that Young, was "the principal investor-facing actor," while "Stewart provided only high-level market education." (ECF No. 807 at 3.) Further, he emphasizes his own testimony at trial "that trading was 'strictly [co-defendant Sewall].'" (*Id.* at 4 (quoting ECF No. 344 at 249–50).)

These arguments are singularly unpersuasive. Sewall similarly endeavored to disclaim knowledge of any fraud in his appeal, including by arguing that "he had no meaningful contact with investors" and "reasonably believed his trading was successful." *United States v. Sewall,* 2026 WL 959897, at *2 (10th Cir. Apr. 9, 2026). The Tenth Circuit squarely rejected these contentions in concluding that, to the contrary, "a reasonable jury had more than enough from which to conclude Mr. Sewall knew that Mediatrix was not trading profitably" and "that clients were being solicited through false information." *Id.* at *4–5. It pointed, for instance, to the evidence demonstrating that "Sewall was present on conference calls with prospective investors where Mediatrix's allegedly unbroken profitability record was discussed," and that Sewall was a party to e-mails "emphasiz[ing] Mediatrix's profitability and encour[aging] Mr. Young to do the same when talking to prospective investors." *Id.* at *4.

As the Government points out, Stewart was privy to many of the same or similar communications. (*See* ECF No. 332 at 1938–43 (victim-investor testifying about "several conversations" they had with Young and Stewart on the phone and during which Stewart confirmed Mediatrix's "excellent results"); ECF No. 336 at 424–27 (separate victim-investor testifying about conference call with Young, Stewart, and Sewall during which Mediatrix's "impressive performance" was discussed); ECF No. 338 at 830 (Young testifying that Stewart was copied on e-mail containing investor marketing materials with false statements).) Likewise, Stewart was a party to a phone call on which Sewall analogized Mediatrix to the "Titanic" and warned that, "if we go down, . . . we're all going to try to figure out how to not be in jail." (ECF No. 340 at 1623.) *Cf. Sewall,* 2026 WL 959897, at *3 (citing same evidence). In light of such evidence, Stewart's selective citations to his own self-serving trial testimony do little to persuade the Court it is a "close question" whether there was sufficient evidence for a reasonable jury to convict him of fraud.

Stewart next appears to assert that the evidence was insufficient to support his convictions because a defense expert, Dr. Timothy Weithers, testified that "closed P&Ls," "hedging," and/or "P&L swaps" are not inherently fraudulent and offered other "legitimate technical explanation[s]" for the state of Mediatrix's profit and loss ("P&L") statements. (ECF No. 807 at 5–7.) The Tenth Circuit rejected a similar argument in co-defendant Sewall's appeal, too. It reasoned "expert testimony that closed P&L is a common and legitimate accounting method in the forex world" "d[id] not demonstrate that a reasonable jury could have voted only to acquit [Sewall]" because "the government did not argue that closed P&L is inherently fraudulent." *Sewall,* 2026 WL

959897, at *5. "Rather, the government argued that Mediatrix used closed P&L to make itself look profitable regardless of its real financial state." *Id.* (*See also* ECF No. 342 at 3372, 3422 (arguing in closing that, when it comes to hedging and a closed P&L, "it is how you use them that creates the fraud").) For the same reason, the Court is unpersuaded Dr. Weithers' testimony renders it a "close question" whether there was sufficient evidence to support Stewart's conviction.

2. <u>Denial of Motion to Recuse</u>

Stewart also briefly raises the Court's denial of his pretrial, *pro se* motion for the recusal of the undersigned. (ECF No. 791 at 8; *see also* ECF Nos. 259, 266.) He states that "[t]he appeal . . . presents a preserved question . . . concerning whether the circumstances presented below required disqualification under the statutory reasonable-observer standard." (ECF No. 791 at 8.)

On appeal, the Tenth Circuit will review the Court's denial of Stewart's motion to recuse for abuse discretion. *Jones v. Jones,* 820 F. App'x 659, 665 (10th Cir. 2020). "Under that standard [the Tenth Circuit] will uphold a district court's decision unless it is an 'arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n,* 328 F.3d 638, 645 (10th Cir. 2003) (quoting *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 777 (10th Cir. 1999)). Stewart fails to offer any argument or analysis whatsoever as to why it is a close question whether the Court's denial of his motion to recuse amounted to an abuse of discretion. For the same reasons, he has failed to demonstrate why the Court's denial of his motion to recuse amounts to a substantial question under § 3143(b)(1)(B).

## III. CONCLUSION

For all the reasons set forth above, Defendant Stewart's Emergency Motion for Release Pending Appeal, for Release on Personal Recognizance or Unsecured Bond, and for Expedited Medical Considerations (ECF No. 791) is DENIED, and his Corrected Motion for Expedited Ruling on Pending Motion for Release Pending Appeal (ECF No. 802) is DENIED AS MOOT.

Dated this 28th day of September, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge