**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 21-cr-034-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. MICHAEL SHAWN STEWART,

Defendant.

---

**AMENDED ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STEWART'S MOTION FOR DETERMINATION OF FINANCIAL ELIGIBILITY[1]**

---

Before the Court is Defendant Michael Shawn Stewart's *pro se* Motion for Determination of Financial Eligibility, Waiver of Prepayment of Transcript Costs, and Authorization of Necessary Appellate Transcripts at Government Expense ("Motion"). (ECF No. 786.) The Government filed a response and, at the Court's direction, a supplement to its response clarifying its position on certain questions posed by the Court. (ECF Nos. 798, 818, 819.)

For the reasons explained below, the Motion is granted in part and denied in part.

## I. ANALYSIS

Stewart moves the Court for an order:

> 1. determining that Defendant is financially unable to pay the costs of preparing the transcripts

[1] The Court issues this Amended Order to correct and clarify the docket numbers comprising the "complete relevant trial transcript" to which Stewart is entitled at Government expense. *See* Section II (Conclusion) *infra*.

> necessary for his direct criminal appeal;
>
> 2. waiving any requirement that Defendant personally prepay or deposit the costs of transcripts authorized at Government expense;
>
> 3. authorizing preparation of the transcripts identified in Schedule A [to the Motion] at Government expense to the extent those proceedings occurred, were recorded, are not already transcribed, and are reasonably necessary to the issues on direct appeal; and
>
> 4. directing appropriate processing of CJA Form 24 or another lawful Government-payment mechanism.

(ECF No. 786 at 1–2.) As a preliminary matter, the Government agrees that Stewart "was previously found to qualify for counsel under the Criminal Justice Act, which means he can proceed [in forma pauperis]" on appeal without further authorization under Fed. R. App. P. 24(a)(3). (ECF No. 819 at 2–3.) So, the only question before the Court is whether the Government should bear the fees for the transcripts Stewart requests pursuant to 28 U.S.C. § 753(f).

Section 753(f) provides, in relevant part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The sole appellate issue Stewart identifies in the Motion is the legal sufficiency of the evidence supporting his convictions. (ECF No. 786 at 3.) The Government concedes a sufficiency-of-the-evidence challenge is non-frivolous, "even if . . . extremely weak and unlikely to succeed on appeal." (ECF No. 798 at 2.)

The Government does, however, take issue with the scope of Stewart's transcript

request. Stewart's Motion includes an enumerated list of 173 demands for transcripts covering the entirety of these criminal proceedings from initial appearance through sentencing, as well as transcripts pertaining to parallel proceedings, forfeiture, and foreign records—to name just a few examples. (ECF No. 786 at 4–12.) The Government submits that this "exceedingly broad request for transcripts . . . covers things that have nothing to do with the evidence presented at trial," and that Stewart "should receive only the transcripts that are relevant to a sufficiency of the evidence claim." (ECF No. 798 at 2.) The Court agrees. *See McCarthy v. Bronson,* 906 F.2d 835, 841 (2d Cir. 1990) (affirming denial of plaintiff's request for a free transcript of hearing where the issues on appeal did "not require examination of the evidence presented at the hearing"); *United States v. Killion,* 798 F. Supp. 1539, 1540 (D. Kan. 1992) (denying defendant's request for free copies of the plea and sentencing hearings because they were "not needed to decide the issues presented by the defendant's appeal").

Accordingly, the Court will grant Stewart's Motion for transcripts at the Government's expense to the extent he seeks the "complete relevant trial transcript," including each day of trial and the April 19, 2024 Final Trial Preparation Conference. (ECF No. 786 at 4.) Since the transcripts for these proceedings have already been prepared, **Stewart shall be entitled only to limited fees for mailing and copying**. *See Sistrunk v. United States,* 992 F.2d 258, 260 (10th Cir. 1993) ("even when furnishing pre-existing transcripts to prisoners the United States must still pay the costs of mailing and copying these transcripts"). The Motion is denied as to all other requests.

## II. CONCLUSION

For the reasons set forth above, Defendant Michael Shawn Stewart's *pro se* Motion for Determination of Financial Eligibility, Waiver of Prepayment of Transcript Costs, and Authorization of Necessary Appellate Transcripts at Government Expense (ECF No. 786) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED to the extent the Court finds Stewart is entitled to free copies of the following transcripts:

| Description | ECF No. |
|---|---|
| 4/19/2024 Final Trial Preparation Conference | 265 |
| 4/29/2024 Status Conference | 334 |
| 4/30/2024 Jury Selection, Vol. 1 | 335 |
| 5/1/2024 Jury Trial, Vol. 2 | 336 |
| 5/2/2024 Jury Trial, Vol. 3 | 337 |
| 5/3/2024 Jury Trial, Vol. 4 | 338 |
| 5/6/2024 Jury Trial, Vol. 5 | 339 |
| 5/7/2024 Jury Trial, Vol. 6 | 340 |
| 5/8/2024 Jury Trial, Vol. 7 | 331 |
| 5/9/2024 Jury Trial, Vol. 8 | 332 |
| 5/13/2024 Jury Trial, Vol. 9 | 346 |
| 5/14/2024 Jury Trial, Vol. 10 | 333 |
| 5/15/2024 Jury Trial, Vol. 11 | 344 |
| 5/16/2024 Jury Trial, Vol. 12 | 345 |
| 5/17/2024 Jury Trial, Vol. 13 | 342 |

| | |
|---|---|
| 5/17/2024 Jury Trial, Verdict, Vol. 14 | 343 |

The Motion is DENIED as to all other requests.

Dated this 29th day of September, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge